# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-20253
Summary Calendar

DALE THOMPSON

Plaintiff-Appellant

v.

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION; DR OWEN MURRAY, Director of University of Texas Medical Branch Managed Health Care; DR SONNY WELLS, Director of Dentistry - University of Texas Medical Branch; ELLIS I UNIT FACILITY PRACTICE MANAGER; DR ALBERT WELLS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-493

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dale Thompson, Texas prisoner # 1127640, appeals the district court's grant of summary judgment to defendants Dr. Owen Murray and Dr. Albert Wells and dismissal of his 42 U.S.C. § 1983 action. Thompson argues that the district court erred by granting summary judgment to Dr. Murray and Dr. Wells on the ground that they did not have sufficient personal involvement in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged constitutional violation because Dr. Murray and Dr. Wells were responsible for the development and implementation of the policy that prevented Thompson from receiving new dentures. Thompson asserts that the district court abused its discretion by not granting his motions for a default judgment against the Ellis I Unit facility practice manager, Shanta Crawford. He additionally makes vague challenges to the district court's determination that Dr. Murray and Dr. Wells were entitled to qualified immunity because Thompson had not shown the existence of a genuine issue of material fact regarding his claim that they were deliberately indifferent to his serious medical needs.

The district court dismissed Thompson's claims against Doug Dretke, then the director of the Texas Department of Criminal Justice, Correctional Institutions Division, on the basis of Dretke's lack of personal involvement, but did not grant summary judgment to Dr. Murray and Dr. Wells on that basis. Accordingly, Thompson has not shown that the district court erred by granting summary judgment to Dr. Murray and Dr. Wells on the basis of their lack of personal involvement in the alleged constitutional violation.

Crawford was purportedly served via certified mail, but the return receipt was not signed by her. Accordingly, Crawford was not properly served. See TEX. R. CIV. P. 107; Ramirez v. Consol. HGM Corp., 124 S.W.3d 914, 916 (Tex. App. 2004); FED. R. CIV. P. 4(e). As Crawford was not properly served, the district court did not abuse its discretion by denying Thompson's motions for a default judgment against Crawford. See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999). Thompson's assertion that the district court did not rule on his motions for a default judgment is refuted by the record.

Thompson has not raised a cognizable challenge to the district court's determination that Dr. Murray and Dr. Wells were entitled to qualified immunity. Thompson seeks to incorporate by reference unspecified arguments he raised in the district court by asserting that the district court ignored his

arguments; this is insufficient to preserve error, and Thompson has abandoned those arguments.  See Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996). The sparse substantive arguments Thompson does raise in this court do not address the reasoning of the district court in granting summary judgment.  As Thompson has not identified any error in the district court's reasoning, his arguments on this issue are insufficiently briefed and deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.